USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 5/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

HIMELDA MENDEZ, *on behalf of himself and all other persons similarly situated*,

Plaintiff,

-against-

COACH SERVICES, INC,

Defendant.

---------------------------------------------------------------X

1:19-cv-11856-GHW

MEMORANDUM OPINION AND ORDER

GREGORY H. WOODS, United States District Judge:

This is another case where a visually impaired person has sued a retailer for failing to stock Braille or otherwise accessible gift cards. Because this complaint suffers from the same pitfalls as those in *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020), the Court comes to the same conclusion and GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

Like the allegations in *Banana Republic*, the facts presented in the complaint are relatively straightforward.

Coach Services, Inc. ("Defendant" or "Coach"), like many retailers, offers consumers the opportunity to purchase "pre-paid cash cards, colloquially referred as 'store gift cards,'" that can be used in place of cash at its stores. First Amended Complaint ("FAC"), Dkt. No. 21, ¶¶ 4 & n.2. Though they look and feel like credit cards, *see* FAC ¶ 35, gift cards are redeemable only at "a specified merchant or affiliated merchants," FAC ¶ 29 & n.3.

On November 1, 2019, Himelda Mendez ("Plaintiff"), called Coach's customer service office to ask whether the store sold Braille gift cards. *See* FAC ¶ 16. An employee told her that Coach did not. *See* FAC ¶ 16. During that call, the employee did not offer Plaintiff any alternative auxiliary

aids or services. *See* FAC ¶ 17. Sometime later, Plaintiff unsuccessfully attempted to locate accessible Coach gift cards on her own. *See* FAC ¶ 18. The lack of an accessible gift card deterred Plaintiff from "fully and equally us[ing] or enjoy[ing]" the "facilities, goods, and services Defendant offers to the public at its retail stores." FAC ¶ 42. As soon as accessible gift cards are available, however, "Plaintiff intends to immediately go purchase" one. FAC ¶ 45.

Plaintiff sued Coach under the ADA, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, seeking compensatory damages, punitive damages, and a permanent injunction to "cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's store gift cards will become and remain accessible to blind and visually-impaired consumers," and, of course, attorney's fees. FAC ¶ 10.

Coach moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on May 6, 2020. *See* Mot. to Dismiss, Dkt. No. 22. Plaintiff opposed the motion on May 14, 2020. *See* Opp'n, Dkt. No. 25.

## II. ANALYSIS

The Court refers the reader to the legal standard articulated in Part II of *Banana Republic*, 2020 WL 1950496, at *2. The discussion and application of the law there applies in equal force in here.

Because the Plaintiff here has failed to provide the Court with sufficient evidence of her intent to return to Coach, she, like the plaintiff in *Banana Republic*, lacks standing to assert her ADA claim. There is virtually no difference between the two complaints: like Dominguez, Mendez generically asserts only that she resides in New York, "within close proximity to at least one of Defendant's physical locations" and "has been a customer at Defendant's stores on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's retail

store." FAC ¶¶ 21, 25. The intent-to-return inquiry, as explained in *Banana Republic*, is a "highly fact-sensitive inquiry that incorporates a range of factors" such as "the frequency of the plaintiff's past visits" and "the proximity of the defendant's services, programs, or activities to the plaintiff's home" along with any other factors "relevant to the calculation" including the plaintiff's "occupation or demonstrated travel habits." *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam) and *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d. Cir. 2008)). Mendez never asserts, for instance, that she expects to shop for luxury fashion at stores near her home in future, or that she does so with any regularity such that she expects to be injured by Coach in future. *See Banana Republic,* 2020 WL 1950496, at *4.

Plaintiff's ADA claim would also fail under Rule 12(b)(6) for all of the reasons identified in *Banana Republic*. *See* 2020 WL 1950496, at *5–12. Indeed, there are no substantive differences between either the complaint or the briefing in this case and *Banana Republic* that would compel a different conclusion. Mendez identifies this Court's decision in *Banana Republic* in a footnote, but states only that the "decision is not final" and is "persuasive at best, and should not be binding or influential on this Court." Dkt. No. 25 at 1 n.2. Had Plaintiff chosen to carefully tailor her opposition rather than submitting a generic brief that she has presumably filed in numerous other cases, she may have noted that, as its author, the Court might find the analysis in *Banana Republic* particularly persuasive. Alas, Plaintiff's counsel submitted virtually the same opposition that they submitted in *Banana Republic*, and did nothing to explain why the Court's analysis in *Banana Republic* is either incorrect or would not apply in equal force in this case.[1]

[1] In one line, Plaintiff broadly asserts that "[t]he BR decision misclassified gift cards as 'specialty goods,' contrary to the intent of the ADA and a number of other governmental resources (*e.g.* the IRS recognizes gift cards as cash equivalents)." Opp'n at 4–5 (footnote omitted). First, the Court's opinion never states that gift cards themselves are specialty goods—just that requiring a retailer to create a Braille gift card would be requiring it, in contravention of the ADA, to create a specialty good. And second, the Court explained in *Banana Republic*: "How and when the retailer ultimately reports the income generated from the sale of a gift

One change worth discussing is the addition of a single line in the preliminary statement of Plaintiff's opposition where she states that *only* Braille would work as an effective auxiliary aid in this case because only Braille would permit her to use the gift card independently at home or online. *See* Opp'n at 1. This explicitly contradicts her later concession that the ADA does not mandate any one specific form of auxiliary aid, but instead requires the effective communication. *See* Opp'n at 21. And, like, the plaintiff in *Banana Republic*, Mendez did not ask Coach for any auxiliary aids or services, and therefore has no idea whether any of Coach's aids could somehow effectively convey her the information she seeks. 2020 WL 1950496, at *10–11.

Because the Court would dismiss Plaintiff's ADA claims, it need not engage in a substantive analysis of the merits of Plaintiff's NYSHRL and NYCHRL claims; this Court would decline to exercise supplemental jurisdiction over Plaintiff's state and city claims. *See Banana Republic*, 2020 WL 1950496, at *5, *12.

## III. CONCLUSION

This case is indistinguishable from *Banana Republic*. It should therefore come as no surprise that the Court comes to the exact same conclusion.

For these reasons, Defendant's motion to dismiss is GRANTED. Within fifteen days, Plaintiff may file a second amended complaint to cure the deficiencies articulated in this opinion by alleging additional facts about the interactions she has had with Coach. If no amended complaint is filed within that time frame, the Court will enter a final judgment of dismissal and direct the Clerk of Court to close this case.

---

card is irrelevant for the purposes of the ADA, and functionally does not change the fact that a retailer sells gift cards to consumers the same way that they sell any other product in its stores." 2020 WL 1950496, at *6. The Plaintiff has provided no argument *why* the Internal Revenue Service's reporting rules (or the New York Tax Code, or how states treat gift cards with respect to their local escheatment process) should transform how the ADA—a completely independent federal law—treats gift cards.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 22.

SO ORDERED.

Dated: May 19, 2020

GREGORY H. WOODS
United States District Judge